PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2023-01222

| Natalie Tomaselli et al.<br>v.<br>Hasbro, Inc. | § § § § | Location: **Providence/Bristol County Superior Court**<br>Filed on: **03/13/2023** |
|---|---|---|

---

### CASE INFORMATION

**Statistical Closures**
07/19/2023    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Civil Rights/Job Discrimination**

Case Status: **07/19/2023   Closed**

Case Flags: **Claim for Jury Trial**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number            PC-2023-01222
Court                        Providence/Bristol County Superior Court
Date Assigned          03/13/2023

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **DeAngelis, Jennifer** | **FANNING, STEPHEN T.**<br>*Retained*<br>4012728250 x000(W) |
| | **Tomaselli, Natalie** | **FANNING, STEPHEN T.**<br>*Retained*<br>4012728250 x000(W) |
| **Defendant** | **Hasbro, Inc.** | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

## EVENTS

| 07/19/2023 | Closed-Non Trial-Unassigned-Removed to Federal Court |
|---|---|
| 07/19/2023 | Case Removed to US District Court |
| 03/13/2023 | Summons |
| 03/13/2023 | Complaint Filed<br>*Complaint* |



**STATE OF RHODE ISLAND
AND PROVIDENCE PLANTATIONS**

**CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD**

| Case Information | |
|---|---|
| Case Caption: Natalie Tomaselli, et al vs. Hasbro, Inc. | |
| Federal Court Case No. 1:23-cv-00303    State Court Case No. PC-2023-01222 | |

| Record Information | |
|---|---|
| Confidential:    Yes ☑    No ☐    Description: Complaint | |
| Sealed documents:    Yes ☐    No ☑    Description: _____ | |

| Certification |
|---|

I, Carol A. MacLean _____, Clerk of the Rhode Island Superior Court for the County of Providence _____ do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: 07/19/2023

Clerk of Court
/s/ Carol A. MacLean, Admin Clerk
By Deputy Clerk



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2023-01222 |
| **Plaintiff**<br>Natalie Tomaselli et al.<br> v.<br>Hasbro, Inc.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Stephen T. Fanning |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>305 SOUTH MAIN ST<br>PROVIDENCE RI  02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>1011 Newport Avenue<br>Pawtucket RI  02861 |

**TO THE DEFENDANT, Hasbro, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 3/13/2023. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff**<br>Natalie Tomaselli et al.<br> v.<br>Hasbro, Inc.<br>**Defendant** | **Civil Action File Number**<br>PC-2023-01222 |
| --- | --- |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Hasbro, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
  Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: _____ / _____ / _____        SERVICE FEE $ _____
                Month    Day    Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

1:23-cv-00303-MSM-LDA     Document 4     Filed 07/19/23     Page 6 of 38 PageID #: 56

**STATE OF RHODE ISLAND**                                    **SUPERIOR COURT**
**PROVIDENCE, S.C**

NATALIE TOMASELLI AND
JENNIFER DEANGELIS,
      Plaintiffs

v.

                                          C.A. NO.

HASBRO, INC.
      Defendant

## COMPLAINT

### INTRODUCTORY STATEMENT

This action is commenced by Natalie Tomaselli and Jennifer DeAngelis (hereinafter also referred to as "Plaintiffs" or "Tomaselli" or "DeAngelis") against Hasbro, Inc. (hereinafter also referred to as "Defendant" or "Employer" or "Company"), in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices based on the Plaintiffs' religions; religious practices and religious beliefs; Plaintiffs' disabilities' perceived disabilities and in retaliation for the Plaintiffs asserting their rights to a lawful work environment, in violation of, *inter alia*, The Rhode Island Civil Rights Act, The Rhode Island Fair Employment Practices Act and pursuant to the Court's pendent jurisdiction, the federal Title VII of the Civil Rights Act and the Americans with Disabilities Act.

### JURISDICTION AND VENUE

I. Jurisdiction of the Court is invoked pursuant to R.I.G.L. 8-2-13 and 8-2-14. All conditions precedent to establishing this Court's jurisdiction over this action have occurred or have been complied with.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

9-cv-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 7 of 38 PageID #: 57

2

2.   Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of the court's supplemental jurisdiction with respect to Plaintiffs' state law claims.  Plaintiffs' state claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

3. Venue is proper in the district pursuant to <u>inter alia</u>, R.I.G.L. 9-4-4 because:

a.      The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in the judicial district;

b.      all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in the city of Providence, Rhode Island;

c.      the Plaintiffs would currently be enjoying all rights, benefits, and privileges of their employment,  as a full-time employees of Defendant, in the city of Providence, Rhode Island, but for the Defendant's unlawful practices.

4.       Plaintiffs timely filed formal Charges of Discrimination with the Rhode Island Commission for Human Rights ("RICHR"), alleging that they had been discriminated against on the basis of their religion(s), *inter alia*, and were the subject of unlawful retaliation.

5.  The Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to the filing of the action in state court, in each of its counts, including requesting Right To Sue Authorization, if necessary, from the pertinent administrative agency(ies).

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

9-cv-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 8 of 38 PageID #: 58

3

## THE PARTIES

6. The Plaintiff, Natalie Tomaselli ("Tomaselli" or "Plaintiff"), an individual, is a resident of Providence, Rhode Island. The Plaintiff, Jennifer DeAngelis ("DeAngelis" or "Plaintiff"), an individual, is a resident of North Attleboro, MA.

7. On information and belief, Hasbro, Inc., is a domestic corporation authorized to do business under the laws of the State of Rhode Island. The corporation engages in the business of toy manufacturing and development. On information and belief, Hasbro, Inc., is a domestic corporation authorized to do business under the laws of the State of Rhode Island.

8. At all times material to the allegations of this Complaint, the Defendant has continuously, and does now, employ at least 50 or more employees in the State of Rhode Island.

9. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of applicable laws.

10. At all times material to the allegations of this Complaint, the Defendant was and is an "Employer" or otherwise a covered entity within the meaning of pertinent provisions of Title VII, and also under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act).

11. At all times material to the allegations of this Complaint, both Plaintiffs held the status of an "individual" within the pertinent provisions defining that term and qualified

as a person with a disability under 3(2) of the ADA, 42 U.S.C. 12112(a) and also pursuant

to Rhode Island law, because they:

      a.      had a physical or emotional impairment that substantially limits one or more

of their major life activities;

      b.      has a record of such an impairment; and/or

      c.      is/was regarded by the Defendant as having such an impairment.

      d.      During the incidents cited in this Complaint, DeAngelis suffered from one

or more impairments related to pregnancy which qualified as a "disability" for purposes of

applicable statutes. She was eligible for reasonable accommodations with respect to the

impairments.

      e.      During the incidents cited in this Complaint, Tomaselli suffered from one or

more impairments which qualified as a "disability" for purposes of applicable statutes.

### FACTS APPLICABLE TO EACH COUNT

12.   Plaintiff Tomaselli is female. She commenced employment with the Defendant

in 2018.

13.   At the time of the incidents cited in the Complaint, Tomaselli had worked for the

company for approximately 4 years, most recently in the position of Assoc. Manager,

Global Brand Publicity.

14.   Plaintiff's sincere religious beliefs/practices and the fact that she is a qualified

individual with a disability motivated her decision not to receive the Covid 19

vaccination.

15.   It was Tomaselli's reasonable belief that she was qualified for a religious

exemption to any vaccine mandate. Tomaselli's decision not to receive the vaccine was

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

3-CV-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 10 of 38 PageID #:
60

5

motivated by her sincerely held religious beliefs and because she suffered from certain medical impairments.

16. On or about October 7, 2021, Tomaselli submitted a Religious Exemption to the Vaccination Requirement form to the Defendant. At all times, she was willing and capable of complying with social distancing, testing, monitoring and facial covering requirements, and all other reasonable requests arising from accommodation of her sincerely held religious beliefs.

17. The company discriminatorily targeted, singled out and punished Tomaselli for her sincerely held religious beliefs, as described below.

18. The company also discriminated and retaliated against Tomaselli because she reported to the company what she perceived as a toxic work environment regarding bullying and hostile treatment.

19. On October 10, 2021, a mere 3 days after submitting her Religious Exemption to the Vaccination Requirement form, Tomaselli's Hasbro employee badge was turned off and she was no longer able to enter the office or any event requiring Hasbro identification.

20. On October 21, 2021, human resources contacted Tomaselli to advise her that instead of investigating her claim(s) of workplace bullying and misconduct, the employer opened a Code of Conduct investigation against her for allegedly not wearing a mask at a volunteer event where she cleaned vacant camp cabins on June 30, 2021 (four months prior).

21. Tomaselli was falsely and defamatorily accused by the company of placing immunocompromised children at risk. There was absolutely no basis for this allegation.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

1:23-CV-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 11 of 38 PageID #: 61

6

22.   Tomaselli was compelled to go on medical leave on November 2, 2021 due to the stress and anxiety caused by the company, as well as another serious medical condition.

23.   Tomaselli's sensitive and confidential medical information was disseminated to her coworkers by the employer without her authorization.

24.   During her leave, Tomaselli was informed by the company that because of the written warning she received, she would be removed from consideration for two promotion opportunities until she was able to demonstrate that she could act with integrity, in conjunction with the company's values and Code of Conduct.

25.   Tomaselli was informed that she was ineligible for consideration for a promotion at that time.

26.   Tomaselli returned to work from her medical leave on June 5, 2022.  At that time, her supervisor appeared surprised that she had returned and told her multiple times that she had no idea Tomaselli was coming back.

27.   Tomaselli was removed from the company's internal team organizational charts while others on leave were kept on the charts.

28.   With one week's notice, Tomaselli was asked by the company to attend an out of state conference which required full vaccination.  She was compelled to decline attendance due to her vaccination status, a status that the employer was fully aware of.

29.   In Tomaselli's first 1:1 meeting with her supervisor after her return to work, she was informed that her final written warning/code of conduct issue was still in effect. She was also asked to handle three other events which required vaccination—which the company knew she did not have.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

3-CV-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 12 of 38 PageID #:
62

7

30.     Tomaselli was then informed that she needed to submit all vacation requests and approval for days off and that her requests were being "tracked" by the employer (throughout her entire tenure of employment, vacation and days off were not tracked by the employer in light of the onerous schedule assigned to Tomaselli and her team.)

31.     Tomaselli's new and current manager stated to her that she was aware that Tomaselli was not allowed in the office indicating that she had knowledge from the employer that Tomaselli was not vaccinated.

32.     On August 22, 2022, Tomaselli was compelled to file a letter of resignation due to the difficult terms and conditions of employment to which she was subjected which no reasonable person could be expected to endure.

33.     The facts indicate that Tomaselli was being treated in a disparate and retaliatory manner because she submitted a bona fide request for exemption from the company's vaccination requirement, because she suffered from certain medical impairments, because she requested and availed herself of medical leave time and reported the company for a toxic work environment.

34.     Plaintiff Jennifer DeAngelis is female. She commenced her employment with the Respondent on October 29, 2012. At the time of the incidents cited in the Complaint, DeAngelis worked for the company for approximately ten years, most recently holding the position of Sr. Manager, Global Brand Publicity.

35.     During many of the incidents cited in the complaint, DeAngelis was pregnant and, at one time, was compelled to request a medical leave of absence due to issues related to her pregnancy.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

3-CV-00303-MSM-LDA     Document 4     Filed 07/19/23     Page 13 of 38 PageID #:
63

8

26.     DeAngelis' sincere religious beliefs and status of pregnancy motivated her decision not to receive the Covid 19 vaccination and it was her reasonable belief that she was qualified for a religious exemption to any vaccine mandate.

27.     On September 23, 2021, DeAngelis submitted a Religious Exemption to the Vaccination Requirement form to the company.

28.     On October 1, 2021, the company responded that it could not confirm her religious beliefs were "bona fide" and demanded that she execute a two page affidavit and supply two letters from "people close to [her]" who would attest to her religious beliefs. DeAngelis complied with this request.

29.     At all times, DeAngelis was willing and capable of complying with social distancing, testing, monitoring and facial covering requirements, and all other reasonable requests arising from accommodation of her sincerely held religious beliefs.

30.     Nevertheless, the company discriminatorily targeted, singled out and punished DeAngelis for her sincerely held religious beliefs.

31.     The company also discriminated and retaliated against DeAngelis because she reported to the company what she perceived as a toxic work environment regarding bullying and hostile treatment.

32.     Examples of the retaliatory conduct to which she has been subjected is as follows: DeAngelis was denied access to employer office(s) and official Hasbro events; DeAngelis was denied a previously promised promotion for which she was objectively the most qualified candidate and DeAngelis' sensitive and confidential medical information was disseminated to her coworkers by the employer without her authorization.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Document 4 — CV-00303-MSM-LDA     Filed 07/19/23     Page 14 of 38 PageID #:
64

9

33.     DeAngelis was informed that she needed to submit all vacation requests and approval for days off and that her requests were being "tracked" by the employer (throughout her entire decade of employment, vacation and days off were not tracked by the employer in light of the onerous schedule assigned to DeAngelis and her team.)

34.      DeAngelis was served a "final written warning" dated October 27, 2021, less than two months after she applied for the religious exemption and after 9 years of unblemished performance and no prior alleged infractions.  This warning removed DeAngelis from future promotional opportunities and threatened her with discharge.

35.     The above referenced memorandum accused DeAngelis, *inter alia*, of having failed to comply with the Company's Code of Conduct, alleging that she jeopardized the health and safety of co-workers and others by not wearing a mask, and otherwise failed in her responsibility to provide "ethical leadership."

36.     Among other false allegations, DeAngelis was accused of putting "immunocompromised children at risk" in the course of a charitable event, on June 30, 2021, when she participated as a volunteer cleaning vacant cabins for a nonprofit organization serving immunocompromised children and their families.

37.     DeAngelis never engaged in any violation of the Company's Code of Conduct.  No negative feedback was given to DeAngelis regarding her conduct at the time of the referenced event.  It was not until four months *after* the event occurred, and only after DeAngelis engaged in various incidents of legally protected conduct including but not limited to requesting reasonable accommodation(s) with respect to her vaccine status, that she was interrogated and reprimanded by the company.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case 1:23-cv-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 15 of 38 PageID #: 65

10

38.    When DeAngelis returned to work from her pregnancy leave, she learned that the company filled her position with a new hire.

39.    On August 22, 2022, DeAngelis was compelled to file a letter of resignation due to the difficult terms and conditions of employment to which she was subjected which no reasonable person could be expected to endure.

40.    The facts indicate that DeAngelis was treated in a disparate and retaliatory manner because she submitted a request for exemption from the company's vaccination requirement, reported the company for a toxic work environment and requested medical leave due to issues with her pregnancy in violation of Title VII of the Civil Rights Act of 1964, the RI Civil Rights Act; the RI Fair Employment Practices Act and other state and federal laws.

41.    Specifically, during the incidents cited in this Complaint, DeAngelis suffered from one or more impairment related to pregnancy which qualified as a "disability" for purposes of applicable statutes.  She was eligible for reasonable accommodations with respect to the impairments.  During the incidents cited in this Complaint, Tomaselli suffered from one or more impairments which qualified as a "disability" for purposes of applicable statutes.

COUNT 1
RHODE ISLAND CIVIL RIGHTS ACT
R.I.G.L. SECTION 42-112-1
Discriminatory Terms and Conditions of Employment
Based on Religion and Disability
Retaliation
Failure to Accommodate
Constructive Termination

42.    The allegations contained in Paragraphs 1-41 above are incorporated herein by reference in their entirety.

43.    The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a.    interfering with Plaintiffs' rights to avail themselves of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on religion and/or disability status/perception of disability;

b.    depriving Plaintiffs of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship(s) to which they are entitled;

c.    treating them in a hostile, demeaning, and otherwise unlawful manner based on religion and/or disability status/perception of disability;

d.    causing Plaintiffs lost income and benefits, humiliation, physical and emotional injury, as well as harm to their personal and professional reputation(s).

44.    The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiffs' religions and/or Plaintiff's disability/perception of disability. Such practices include, but are not limited to, Defendant:

a.)    subjecting Plaintiffs to discriminatory terms and conditions of employment because of their disability and because of their religious beliefs;

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

CV-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 17 of 38 PageID #:
67

12

b.) retaliating against the Plaintiffs for their disabilities and religious
beliefs by treating them in a disparate and discriminatory manner;

c.) retaliating against Plaintiffs for requiring reasonable accommodation;
and

d.) constructively terminating Plaintiffs.

45.     But for the Defendant's intent to discriminate against Plaintiffs because of
their disability/its perception that they were disabled and because of their religious beliefs,
Defendant would not have subjected them to discriminatory terms and conditions of
employment, retaliated against Plaintiffs, refused to accommodate Plaintiffs, or
constructively terminated the Plaintiffs.

46.     The Defendant purposefully, maliciously, and without justification or
excuse, took discriminatory action with respect to Plaintiffs' employment because of
Plaintiffs' disability/its perception they were disabled and their religious beliefs.  The
Defendant's conduct has unlawfully deprived Plaintiffs of income, benefits, privileges,
promotions, and other terms and conditions accruing to the employment relationship to
which they were entitled; has caused harm to their reputations; and has caused them
humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiffs pray that judgment be entered herein against Defendant
and in favor of Plaintiffs for all damages and equitable relief available, as hereinafter
requested.

COUNT II
AMERICANS WITH DISABILITIES ACT
ADA-42 U.S.C. SEC. 12117
Discriminatory Terms and Conditions of Employment

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case 1:23-cv-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 18 of 38 PageID #: 68

13

Constructive Termination
Retaliation
Failure to Accommodate

47.    The allegations contained in Paragraphs 1-46 above are incorporated herein by reference in their entirety.

48.    At all times material to the allegations in this Complaint, Plaintiffs were qualified individuals with a disability and the Defendant perceived them as being disabled.

49.    Despite their disability or impairment, Plaintiffs were able to perform the essential duties of their position, either with no need for accommodation or with reasonable accommodation.

50.    The Defendants have engaged in unlawful employment practices in violation of the ADA, sec. 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. sec.12112(a), 12112(b)(1) and 12112(b)(5(B), in addition to other sections.

51.    But for the Defendant's intent to discriminate against the Plaintiffs because of their status as a qualified person with a disability, Defendant would not have engaged in the conduct alleged in this Complaint; would not have applied discriminatory terms and conditions of employment to the Plaintiffs; retaliated against the Plaintiffs; failed to provide the Plaintiffs with reasonable accommodation; or constructively terminated them.

WHEREFORE, Plaintiffs pray that judgment be entered herein against Defendant and in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

3-CV-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 19 of 38 PageID #: 69

14

COUNT III
RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. § 28-5-1 et seq.
Discriminatory Terms and Conditions of Employment
Constructive Termination
Retaliation
Failure to Accommodate

52.     Paragraphs 1-51 above are herein incorporated by reference in their entirety.

53.     Defendant willfully engaged in a policy or practice of discriminating against employees based on their religious beliefs and/or their disabilities or who they perceived as having disabilities, including Plaintiffs, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

54.     The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a.) interfering with Plaintiffs' rights to avail themselves of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on religious beliefs and disability/perceived disability;

b.) depriving them of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which they were entitled;

c.) treating them in a hostile, demeaning, and otherwise unlawful manner based on religious beliefs and/or disability/perception of disability;

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

d.) causing them lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to their personal and professional reputations.

55.    The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Plaintiffs' religious beliefs and/or disability/perceived disability.  Such practices include, but are not limited to, Defendant:

a.) constructively terminating Plaintiffs because of their religions and/or disability/perception of disability;

b.) retaliating against Plaintiffs for requiring reasonable accommodation;

c.) subjecting Plaintiffs to discriminatory terms and conditions of employment based on religious beliefs and/or disability/perceived disability; and

d.) failing to provide reasonable accommodation to the Plaintiffs.

56.    But for the Defendant's intent to discriminate against Plaintiff because of their religious beliefs and/or disability/perceived disability, Defendant would not have subjected them to discriminatory terms and conditions of employment, retaliated against them, or constructively terminated them.

57.    The Defendant's conduct has unlawfully deprived Plaintiffs of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which they were entitled; has caused irreparable harm to their reputation and professional mobility; and has cause them extreme humiliation, as well as physical and emotional injury.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

1:23-CV-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 21 of 38 PageID #:
71

16

WHEREFORE, Plaintiffs pray that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT IV
## THE RI WHISTLEBLOWERS' PROTECTION ACT
## TITLE 28
## SECTION 28-50-1

58.    The allegation in paragraphs 1-58, above, are incorporated herein by reference, in their entirety.

59.    The Defendant's conduct as described above was motivated by an intent to discriminate against the Plaintiffs and retaliate against the Plaintiffs because, *inter alia*, they asserted their legally protected rights to avail themselves to a lawful working environment and for complaining about conduct which they reasonably believed to be unlawful.

60.    But for the Defendant's intent to retaliate against the Plaintiffs because of their conduct referenced in the previous paragraph, Defendant would not have retaliated against the Plaintiffs or subjected her to discriminatory terms and conditions of employment.

61.    Defendant's conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

62.    As a result of Defendant's unlawful conduct, Plaintiffs have suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to their career, harm to their reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

1:23-CV-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 22 of 38 PageID #: 72

17

WHEREFORE, Plaintiffs prays that judgment be entered herein against the Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT V

TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42 U.S.C. §2002, ET SEQ.

Discriminatory Terms and Conditions of Employment and Retaliation based on Religion and Religious Observations

63.  Paragraphs 1-62 above are herein incorporated by reference in their entirety.


64.  Defendant willfully engaged in a policy or practice of discriminating against the Plaintiffs because of their religious beliefs, and in maintaining discriminatory employment policies and practices, in violation of Title VII.

65.  The Plaintiffs in this matter maintained bona fide religious beliefs/practices which conflicted with certain employment requirement(s) of the Defendant.

66.  Plaintiffs brought these practices to the attention of the employer.

67.  Plaintiffs' religious practices/beliefs/observations were the basis for the employer's adverse employment decisions as stated above.

68.  The employer engaged in negative conducts towards the Plaintiffs in retaliation for their asserting their religious beliefs.

69.  The employer retaliated against the Plaintiffs for requesting reasonable accommodation based on their religious beliefs.

70.  The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case 1:23-cv-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 23 of 38 PageID #: 73

18

a.) interfering with Plaintiffs' right to avail themselves of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on religion;

b.) depriving them of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which they were entitled;

c.) treating them in a hostile, demeaning, and otherwise unlawful manner based on religion;

d.) causing them lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to their personal and professional reputations.

71.    The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Plaintiffs' religion.  Such practices include, but are not limited to, Defendant:

a.) subjecting Plaintiffs to unlawful terms and conditions of employment because of their religion;

b.) retaliating against Plaintiffs for asserting their rights to be free from discrimination based on religion;

c.) subjecting Plaintiffs to discriminatory terms and conditions of employment.

72.  But for the Defendant's intent to discriminate against Plaintiffs because of their religion, Defendant would not have subjected them to discriminatory terms and conditions of employment or retaliated against them.

73.    The Defendant's conduct has unlawfully deprived Plaintiffs of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which they were entitled; has caused irreparable harm to their

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case 1:23-CV-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 24 of 38 PageID #: 74

19

reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of disability/perception of disability and regardless of religion;

b.) an order that the Defendant make whole the Plaintiffs with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiffs by providing for any additional pecuniary losses and compensation for the damages done to their valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiffs by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

3-CV-00303-MSM-LDA     Document 4     Filed 07/19/23     Page 25 of 38 PageID #: 75

20

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiffs, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiffs from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Natalie Tomaselli and
Jennifer DeAngelis,
By their Attorney,

*/s/ Stephen T. Fanning*

_____
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case 1:23-cv-00303-MSM-LDA    Document 4    Filed 07/19/23    Page 26 of 38 PageID #: 21

**ALL PAGES FOLLOWING LEFT BLANK INTENTIONALLY**

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

22

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

## STATE OF RHODE ISLAND
## COMMISSION FOR HUMAN RIGHTS

RICHR NO. 23 EMD 070                                EEOC NO. 16J-2022--00275

In the matter of


    Natalie Tomaselli


v.                       **NOTICE OF RIGHT TO SUE**


    Hasbro, Inc

This NOTICE OF RIGHT TO SUE is issued to the above-cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

In the event that the above-cited matter includes allegations against individually-named employees of a respondent employer under the Rhode Island Fair Employment Practices Act, please note that recent Rhode Island Supreme Court decision in <u>Mancini v. City of Providence</u>, 155 A.3d 159 (RI 2017), held that employees of a respondent employer are not individually liable under the Act. Please consult the decision and/or an attorney to determine how the decision affects this case. The decision also may be found at: https://www.courts.ri.gov/Courts/SupremeCourt/SupremeOpinions/14-88.pdf

This NOTICE OF RIGHT TO SUE is issued at the complainant's request. If the complainant intends to sue, S/HE MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE THE RIGHT TO SUE IS LOST.

On Behalf of the Commission

12/16/2022
_____        _____
Date                          Michael D. Évora
                              Executive Director



## CERTIFICATION

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case 1:23-cv-00305-MSM-LDA    Document 4    Filed 07/19/23    Page 33 of 38 PageID #: 83

I CERTIFY THAT on December 16, 2022, I sent out a **RIGHT TO SUE** regarding the case of Natalie Tomaselli vs. Hasbro, Inc   RICHR NO. 23 EMD 070 EEOC NO. 16J-2022--00275

to the following persons:

| | |
|---|---|
| Stephen T. Fanning, Esq.<br>The Law Office of Stephen T. Fanning<br>305 South Main Street<br>Providence, RI 02903 | Leslie D. Parker<br>Adler, Pollock & Sheehan P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903 |
| Natalie Tomaselli<br>1000 Providence Place, #481<br>Providence, RI 02861 | Chris Cocks, CEO<br>Hasbro Inc.<br>1011 Newport Avenue<br>Pawtucket, RI 02861 |
| Tarrant Sibley, Agent for service<br>1027 Newport Avenue<br>Pawtucket, RI 02861 | |
| | Ginny Deaza<br>Administrative Aide<br>December 16,2022 |

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

1:23-cv-00305-MSM-LDA    Document 4    Filed 07/19/23    Page 34 of 38 PageID #: 84

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/12/2023

**To:** Natalie Tomaselli
1000 Providence Place #481
Providence, RI 02903

Charge No: 16J-2022-00275

EEOC Representative and email:    AMON KINSEY
Supervisory Investigator
amon.kinsey@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Timothy Riera
01/12/2023

Timothy Riera
Acting District Director

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case 1:23-cv-00305-MSM-LDA   Document 4   Filed 07/19/23   Page 35 of 38 PageID #: 85

STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 23 EPD 069                    EEOC NO. 16J-2022-00274

In the matter of

Jennifer DeAngelis
    Complainant

v.                                          **NOTICE OF RIGHT TO SUE**

Hasbro, Inc.
    Respondent

This NOTICE OF RIGHT TO SUE is issued to the above-cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

In the event that the above-cited matter includes allegations against individually-named employees of a respondent employer under the Rhode Island Fair Employment Practices Act, please note that recent Rhode Island Supreme Court decision in <u>Mancini v. City of Providence</u>, 155 A.3d 159 (RI 2017), held that employees of a respondent employer are not individually liable under the Act. Please consult the decision and/or an attorney to determine how the decision affects this case. The decision also may be found at: https://www.courts.ri.gov/Courts/SupremeCourt/SupremeOpinions/14-88.pdf

This NOTICE OF RIGHT TO SUE is issued at the complainant's request. If the complainant intends to sue, S/HE MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE THE RIGHT TO SUE IS LOST.

On Behalf of the Commission

12/16/2022
Date

Michael D. Évora
Executive Director

**CERTIFICATION**

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

I CERTIFY THAT on December 16, 2022, I sent out a **RIGHT TO SUE** regarding the case of Jennifer DeAneglis vs. Hasbro, Inc. #23 EPD 069 to the following persons:

| | |
|---|---|
| Jennifer DeAngelis<br>38 Henry B. Riordan Way<br>North Attleboro, MA  02760 | Chris Cocks, CEO<br>Hasbro, Inc.<br>1011 Newport Avenue<br>Pawtucket, RI  02861 |
| Tarrant Sibley, Agent for service<br>1027 Newport Avenue<br>Pawtucket, RI  02861 | Leslie D. Parker, Esq.<br>Alder Pollock & Sheehan, P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI  02903 |
| Stephen T. Fanning, Esq.<br>The Law Office of Stephen T. Fanning,<br>305 South Main Street<br>Providence, RI  02903 | |
| | *Lynn C Cimaglia*<br>Lynn C. Cimaglia<br>Administrative Aide<br>December 16, 2022 |

Case Number: PC-2023-01222
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2023 1:45 PM
Envelope: 4021636
Reviewer: Alexa G.

Case 1:23-cv-00305-MSM-LDA    Document 4    Filed 07/19/23    Page 37 of 38 PageID #: 87



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/09/2023

**To:** Jennifer DeAngelis
38 Henry B. Riordan Way
North Attleboro, MA 02760

Charge No: 16J-2022-00274

EEOC Representative and email:     Amon Kinsey
Supervisory Investigator
amon.kinsey@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Timothy Riera
01/09/2023

Timothy Riera
Acting District Director

# CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2023, I **served** this document through the electronic filing system to the following parties:

Stephen T. Fanning, Esquire
305 South Main Street
Providence, RI 02903
**_stephenfanning@msn.com_**

Veritext Court Reporting
**(Via website: _www.veritext.com_)**

*This document electronically filed and/or served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.*

/s/ James S. D'Ambra